REGINO CABASSA, JR., Plaintiff and Appellee, v. ALFREDO CEDEÑO RODRÍGUEZ, Defendant and Appellant.

No. 113. Decided October 5, 1962.

*Alfredo Cedeño Rodríguez,* pro se, and *José Rafael Gelpí* for appellant. *José Sabater* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

Appellee filed an action of debt against the appellant. He claims the total amount of $21,700. Of this amount, $17,700 correspond to 59 monthly rental instalments of a property belonging to plaintiff. The remaining $4,000 correspond to a personal loan. Judgment was rendered for $21,200, since the trial court found proved that on one occasion appellant delivered to plaintiff the amount of $500.

Appellant challenges the weighing of the evidence made by the trial court. He assigns no other reason in support of his petition. It is, therefore, advisable to set forth the evidence brought before the trial judge.

Appellant Cedeño purchased a lot from Torres with two buildings in 1949. The agreed price was $22,000. In 1952 he still owed Torres $12,500 of the $22,000. He was pressed to pay the remainder. At that time Cedeño owed Cabassa, appellee herein, the sum of $4,000 which the latter had given him to pay a credit in Banco de Ponce. Cedeño and Cabassa agreed at the end of 1952 that the former would sell to the latter the property bought from Torres with the exception of the building where appellant had his business, for the amount of $12,500. Cabassa would deliver, at the time of execution, the sum of $500 to Torres and the remaining $12,000 would be paid in 48 months at the rate of $250. Interest at 7 per cent annually would be paid monthly with the payment of each monthly instalment. Torres appeared in this deed accepting the mode of payment. A novation, therefore, was executed. Torres discounted the promissory notes in Banco de Ponce. Cabassa eventually paid the whole sum owed to Torres which together with the interest amounted to $14,218.82. As part of the transaction executed between Cedeño and Cabassa, the latter agreed to lease to the former the property which he acquired for a monthly rental of $300. At the time of filing the complaint he owed 59 monthly instalments amounting to $17,700. Cabassa claimed that

amount plus the $4,000 mentioned above. This is plaintiff's version.

Let us now examine defendant's. He explains that when he agreed with Cabassa in selling him the property the purpose was to prevent Torres from foreclosing it. Cabassa was his friend and consented to help him. He admits that Cabassa had given him $4,000 but he had returned $1,700 to him. As to the $300 which Cabassa says that Cedeño agreed to pay him monthly, he states that it was precisely to pay Torres the monthly instalment and the interest. In his answer to the complaint he avers that he only paid two or three instalments to Cabassa but stopped paying them because the latter used the money for other things and did not pay Torres. At the trial he stated that he only owed $4,800 of the total amount of $12,000 which Cabassa according to the deed, still owed Torres. He specifically states that on one occasion he delivered $500 in cash to Cabassa. In a counterclaim filed by Cedeño he stated that Cabassa owed him only $1,148.62 for articles taken on credit in his business but during the trial no evidence was introduced on that particular.

In support of his position that the trial judge erroneously weighed the evidence, appellant points out in the first place that the sale was made for less than the value paid by him when he purchased the property and that plaintiff allowed almost five years to elapse before filing the action of debt of the unpaid rent. He further points out that the version to the effect that Cedeño was bound to pay to Cabassa $300 monthly as lease rental was not included in the deed of sale when the natural thing would have been to include it.

As to the first point it is of common knowledge that when a person owes a substantial amount of money which is an account stated, he is not in a condition to obtain the best price for the property he intends to sell. Furthermore, in this case it was stipulated that the purchaser would lease

the property to the vendor so the latter could continue his business. And as to the price, the transaction did not include the building where the business was established, which it is alleged is worth $5,000. To the amount of $12,500 paid by the plaintiff there should be added the $4,000 owed to him by the defendant. The testimony of plaintiff himself establishes that the $4,000 were meant to form part of the price. He testified: "The deal was to prepare a deed because the man already owed me four thousand dollars and he could not pay me, and then since he could not pay me, he told me that since he did not want to lose that, the only thing he could do was to sell to me and I would lease to him so that he could get rid of Miguel Torres who already had him in court." (Tr. Ev. 37.) And at p. 34 he testified: "Well, from the very day the deed was executed, eighteenth of November nineteen hundred and fifty-two, he bound himself to pay me three hundred dollars monthly. On that basis we made the deal, and since I had already advanced two thousand dollars previously and the two thousand dollars which I paid him, I took charge of the property and paid the whole mortgage."

Thus, the selling price of the property was $16,500 the vendor retaining the building where his business was located besides enjoying the property by virtue of the contract of lease.

As to the lapse of time before filing the action—five years—the plaintiff explained satisfactorily to the trial court that his attorney was Mr. Báez García, whom he had commissioned to collect the money, but Báez postponed any action time and again. He was a friend of the defendant and was remiss to file action.

The failure to include the contract of lease in the deed of sale is unimportant. The parties might have agreed not to do it and the judge believed that evidence. The testimony of defendant himself corroborates plaintiff's version. The

defendant admits that he was bound to pay Cabassa $300 monthly so that the latter pay the instalments and interest of the indebtedness with Torres, and that his reason for discontinuing payment was because Cabassa did not pay Torres. If that was actually the agreement, why did he not pay Torres directly? What prevented him? And the evidence reveals that Cabassa paid Torres the $12,000 and the interest, the whole amount being $14,218.82.

Having analyzed the main reasons adduced to maintain that the trial judge weighed the evidence erroneously we find that the only committed error is not crediting as part of the price paid by Cabassa to Cedeño the $4,000 which the latter owed the former. The judgment rendered by the Superior Court, Mayagüez Part, on January 28, 1959, will be modified by eliminating the item of $4,000, and as modified it is affirmed.